NELLIE WOODS v. THE STATE.

No. 4493. Decided May 30, 1917.

**Vagrancy—Hearsay Evidence.**

Where appellant was charged with vagrancy and being a common prostitute, etc., and the State was permitted to prove by witnesses that they had heard several men say that they had had intercourse with appellant, etc., such testimony was hearsay and reversible error.

Appeal from the County Court of Jefferson. Tried below before the Hon. D. P. Wheat.

Appeal from a conviction of vagrancy; penalty, a fine of one hundred and twenty-five dollars.

The opinion states the case.

*W. R. Blain,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant on a charge of vagrancy was convicted and her punishment assessed at a fine of $125.

The complaint charged that she was a common prostitute and pursued the occupation· of selling her person for illicit °carnal intercourse.

Bills of exception Nos. 1 and 2 complain that the court, over appellant's objection, permitted the State to prove by witnesses that they had heard several men say they had had intercourse with appellant and paid her for it. We think this testimony should have been excluded under the rule of evidence which declares hearsay inadmissible. Cases listed in Branch's Ann. P. C., p. 65. Without this testimony there is very little in the record to establish the truth of the allegations in the complaint. Its admission was material and hurtful error requiring a reversal of the judgment of the lower court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*